UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BARBARA HARRIS, )
)
    Plaintiff, )
)
vs. ) Case No. 4:16CV695 RLW
)
NATIONAL CREDIT SYSTEMS, INC., )
)
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Petition for Attorneys' Fees Pursuant to the Fair Debt Collection Practices Act (ECF No. 18). This matter is fully briefed and ready for disposition.

## DISCUSSION

In the Motion of Plaintiff Barbara Harris ("Harris"), she seeks an award of attorneys' fees pursuant to the Fair Debt Collection Practices Act. 15 U.S.C. §1692k(a)(3) ("Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable…in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."). In the current case, Harris petitions this Court for her attorneys' fees in the amount of $12,261.50. This amount reflects 2.8 hours by attorney Larry Smith at $450 per hour; 27.9 hours by attorney David Marco at $385 per hour, and 2.0 hours by paralegals at $130 per hour. (ECF No. 18 at 10). Harris also requested additional fees from Mr. Marco in the amount of $1,337.50 to review Defendant National Credit Systems, Inc.'s ("Defendant") response brief and draft the reply. (ECF No. 24 at 12).

Both sides agree that the Court should employ the lodestar method to determine the amount of attorneys' fees that should be awarded to Harris. (ECF No. 18 at 7). The lodestar amount is calculated based upon the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244 (8th Cir. 1996).

**A. Number of Hours Reasonably Expended**

Harris argues that the number of hours expended was reasonable under the circumstances. In particular, Harris notes that she made her initial settlement demand on March 10, 2016 in the amount of $3,750, but no offer was received. (ECF No. 18 at 12). Harris continued to make seven (7) offers, most of which never received a response. (ECF No. 18 at 12-13). Ultimately, Defendant made an Offer of Judgment after ten (10) months, but the parties failed to agree to an attorneys' fee award. (ECF No. 18 at 13; ECF No. 24 at 4). Harris argues that Defendant was the "driving force" behind this litigation and, as a result, Harris' fees were reasonably incurred. (ECF No. 18 at 15). Further, Harris notes that Defendant has not provided its own incurred fees as evidence that Harris' counsel's fees were excessive. (ECF No. 24 at 9-10). Harris maintains that she did not provide her counsel's time records because Defendant unequivocally informed Harris that it was extremely unlikely that it would provide an offer in excess of $5,000, so production of her time records would not have resolved the dispute.

In response, Defendant claims that the number of hours billed was excessive. Defendant contends that Harris' counsels' time entries show duplication of work, the use of too many attorneys, expenditures of time performing simple or routine tasks, and/or the performance of clerical tasks by legal professionals. (ECF No. 21 at 6-8). In addition, Defendant contends that Harris refused to provide time records to Defendant prior to filing her fee petition; therefore, Defendant asserts that Harris should not be awarded any additional fees for preparing the fee

petition since efforts to resolve the dispute without court intervention were not done in good faith. (ECF No. 21 at 8).

The Court holds that the number of hours sought is excessive, given the amount of litigation that occurred in this case. For example, the Court finds that the May 18, 2016 entry for 1.30, which included performing edits on the complaint and other documents, included excessive time. Likewise, the Court holds that the amount of time spent reviewing communications during the course of the settlement negotiations was excessive. For example, the .6 hours spent on March 28, 2016 is excessive, given that counsel only "re-reviewed" the allegations with the client and left a message for opposing counsel. Finally, the Court holds that the .6 hours for receiving a signed retainer agreement, sending a notification that it was received, and preparing the filing instructions on January 20, 2016 was excessive for an attorney performing clerical work. Therefore, the Court cuts the attorney and paralegal hours by forty (40) percent.

**B. Hourly Rate**

"[T]he lodestar looks to 'the prevailing market rates in the relevant community.'" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 (1984)). Harris refers to the "Laffey Matrix" to support her requested hourly rate, noting that the rates sought by Harris' counsel are commensurate with the recognized rates for attorneys with similar experience. (ECF No. 18 at 10). The Laffey Matrix is "an official statement of market-supported reasonable attorney fee rates which was adopted, and is periodically updated, by the United States Court of Appeals for the District of Columbia." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 347, n.3 (6th Cir. 2000). Harris also cites to case law from various jurisdictions, including a couple of cases from the Eastern District of Missouri to support her attorney fee award. *See* ECF No. 18-5.

Defendant argues that the Laffey matrix, which is based upon rates in Washington D.C. is not a proper measure for the prevailing market rates in the Eastern District of Missouri. (ECF No. 21 at 5). Defendant also notes that Harris does not provide information regarding how her counsel's billing rates, experience, and qualifications compare with similarly situated attorneys practicing in this district. Finally, Defendant claims that the other cases cited by Harris, which are largely default judgments and unopposed fee requests from other judicial districts, fail to provide any insight as to whether the fees sought in this matter are "reasonable." (ECF No. 21 at 5-6). Defendant instead refers to cases in this district which provide more "reasonable" hourly fees. (ECF No. 21 at 6 (citing *Maher v. Barton*, No. 4:13-CV-2260 CEJ, 2014 WL 1316936, at *2 (E.D. Mo. Apr. 2, 2014) (Finding the requested hourly rate of $300.00 to be excessive for an attorney of Mr. Pontello's skill and experience, and awarding an hourly rate of $280.00 instead); *Conway v. Specified Credit Assn. 1, Inc.*, No. 4:13-CV-1821 CEJ, 2014 WL 51024, at *3 (E.D. Mo. Jan. 7, 2014) ($295 per hour); *Penning v. Allstate Fin. Servs., Inc.*, No. 4:10CV01398 AGF, 2011 WL 766387, at *1 (E.D. Mo. Feb. 25, 2011) ($265.00 per hour); *Batchelor v. Profile Recovery Grp., LLC*, No. 4:10CV01502 AGF, 2011 WL 766389, at *1 (E.D. Mo. Feb. 25, 2011) (awarding fees of $275.00 per hour).

The Court agrees that the hourly rate requested by Harris' counsel is in excess of prevailing rates in this area. Likewise, Harris does not provide persuasive evidence to support her requested rates. The cases cited by Harris are often from jurisdictions with higher prevailing attorney rates. Those attorney rates are not relevant to the prevailing rates in the Eastern District of Missouri. In addition, the opinions cited by Harris largely fail to discuss the propriety of the attorney billing rates because they were often consent judgments. The Court finds that, based upon its review of the case law in this district, the appropriate hourly billing rate for Mr. Smith would be $300 per

hour and the appropriate hourly billing rate for Mr. Marco would be $285 per hour. Finally, the appropriate hourly billing rate for Ms. Dycha would be $100 per hour.

### C. Summary

The Court awards attorney fees for Larry Smith in the amount of $504 (1.68 hours at $300 per hour). The Court awards attorney fees for David M. Marco in the amount of 5369.4 (18.84 hours at $285 per hour). Finally, the Court awards paralegal fees in the amount of $120 (1.2 hours at $100 per hour). The Court awards Harris a total of $5993.40 in attorney and paralegal fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Petition for Attorneys' Fees Pursuant to the Fair Debt Collection Practices Act (ECF No. 18) is **GRANTED,** in part. The Court awards Harris a total of **$5993.40** in attorney and paralegal fees.

Dated this 8th day of May, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**